| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12/7/2025 |

PEDRO EUGENIO QUISPE-SULCARAY,

                      Petitioner,

-against-

KRISTI NOEM, *in her official capacity as Secretary, U.S Department of Homeland Security*;

LADEON FRANCIS, *in his official capacity as Acting Director, New York Field Office, U.S. Immigration & Customs Enforcement, U.S. Department of Homeland Security*; and

PAM BONDI, *in her official capacity as Attorney General of the United States*,

                      Respondents.

25-CV-09908 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

      Petitioner, Pedro Eugenio Quispe-Sulcaray, a Peruvian national, has been held in the custody of the Department of Homeland Security for more than two weeks. On November 26, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Dkt. 1. That Petition is now GRANTED.

## BACKGROUND

      Mr. Qusipe-Sulcaray entered the United States on November 26, 2022, at a place not designated as a port of entry. Exhibit A, Dkt. 10-1, at 2; Exhibit B, Dkt. 10-2, at 3. He was granted parole pursuant to 8 U.S.C. § 1182(d)(5)(A). Dkt. 10-1, at 2; Exhibit F, Dkt. 10-6, at 3.

      Petitioner was required to report to a field office of U.S. Immigration and Customs Enforcement ("ICE") on January 9, 2023, to enroll in the Alternative to Detention Program. Exhibit G, Dkt. 10-7, at 2. ICE claims to have no record of him reporting. Respondents'

Memorandum of Law in Opposition re: Petition for Writ of Habeas Corpus, Dkt. 12, at 6. Petitioner, however, attests that he did appear and was handed an appointment confirmation notice to return in August 2029. Petitioner's Reply Memorandum of Law in Support re: Petition for Habeas Corpus, Dkt. 13, at 6. He provides an appointment confirmation notice dated January 9, 2023, setting an appointment for August 14, 2029. Exhibit G, Dkt. 13-1.[1]

Petitioner has resided in the United States with his family for three years. Dkt. 1, at ¶ 3. On November 19, 2025, Petitioner encountered ICE officers and other Homeland Security Investigations personnel at a vehicle stop "at or near" his workplace. Dkt. 10-2, at 3. Petitioner was charged with being present in the United States without admission, parole, or an immigrant visa. *Id.* at 2. He has since been detained at the Orange County Correctional Facility in Goshen, New York. Exhibit D, Dkt. 10-4, at 2. Petitioner did not receive a bond hearing to conduct an individualized assessment of whether he is a danger to the community or flight risk. Dkt. 1, at ¶ 31; *see* Dkt. 12, at 15-16.

## DISCUSSION

Put simply, the outcome here turns on whether Petitioner is currently subject to detention under 8 U.S.C. § 1225(b)(2)(A), pertaining to "arriving aliens," or § 1226(a), pertaining to "aliens" more broadly.

Petitioner argues that no statute other than 8 U.S.C. § 1226(a) authorizes his detention. Dkt. 1, at ¶ 52. He asserts that Section 1226(a) grants him the right to pursue release from custody before an Immigration Judge. *Id.* at ¶ 53. Respondents do not contest that, if the Court

---

[1] Petitioner's 2022-2023 encounter is not the focus of this case; his 2025 detention is. *See Rueda Torres v. Francis*, No. 25-CV-8408 (DEH), 2025 WL 3168759, at *4 (S.D.N.Y. Nov. 13, 2025).

determines that Petitioner's detention is governed by Section 1226(a), then Petitioner would be entitled to a bond hearing in immigration court. Dkt. 12, at 23. Respondents, however, argue that Petitioner is in fact being detained pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 15. In Respondents' view, Petitioner is subject to mandatory detention and, therefore, not entitled to a bond hearing or to release on bond. *Id.* at 15-23.

The Court is far from the first to consider this issue. Dozens of other district courts have recently confronted this question, and only a small number outside of this Circuit have come down on Respondents' side of the split. *Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573, at *1 (S.D.N.Y. Nov. 18, 2025) (collecting cases) (citing *Bernardo Aquino v. Larose*, No. 25-CV-2904 (RSH-MMP), 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen . . . who has resided in the United States for many years.")).

Because the Court agrees with the overwhelming weight of authority, including every Court in this District to consider the issue, it will make this opinion short and to the point. *See* Dkt. 13, at 7. The Court echoes the analysis of Judge Furman in *Cardenas*, 2025 WL 3215573, at *2, which consolidates the reasoning of courts in this District regarding the text of Section 1225; the amendment history of Section 1226; and the overall statutory scheme, including the Executive Branch's understanding of the Sections prior to this year. The Court concludes that Petitioner is detained under Section 1226(a) and, thus, is entitled to a bond hearing.

Respondents argue in the alternative that, even if Section 1226(a) applies, Petitioner "should be required to exhaust his challenges to his detention in immigration court before this

3

Court orders outright release." Dkt. 12, at 23. As Respondents recognize, there is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention in federal court. *Id.* at 25-26 (citing *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014)). Instead, exhaustion is a prudential matter, so courts may excuse exhaustion where certain exceptions apply, such as where the petitioner has no genuine opportunity for adequate relief or has raised a substantial constitutional question. *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003)).

The Court again falls in line with the recent decisions of Judges Furman, Liman, and Ho, among others. *See Cardenas*, 2025 WL 3215573, at *2; *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7-8 (S.D.N.Y. Nov. 4, 2025); *Lopez Benitez*, 2025 WL 2371588, at *14. Suffice to say, the fact that Petitioner has been detained for more than two weeks without a bond hearing raises a substantial constitutional question and renders post-deprivation review inadequate.

The Constitution protects every person, "whether their presence here is lawful, unlawful, temporary, or permanent," *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), from the deprivation of "life, liberty, or property without due process of law." U.S. Const. amend. V. Here, Mr. Quispe-Sulcaray was entitled to process and given none.

## CONCLUSION

For the reasons stated above, Mr. Quispe-Sulcaray's Petition for Writ of Habeas Corpus at Dkt. 1 is GRANTED. Respondents are ordered to release him from custody **immediately** and certify compliance with this Order **no later than 9:00 a.m. on Monday, December 8, 2025**.

4

In light of the requests made in Petitioner's papers, Dkt. 1, at 17-19; Dkt. 13, at 15; and Petitioner's December 5, 2025, Letter, Dkt. 14, at 1, **no later than Tuesday, December 9, 2025**, Respondents must brief their authority, if any consistent with this Order, to (1) re-detain Petitioner without a valid exercise of discretion; (2) deny bond to Petitioner in any subsequent proceeding on the ground that he must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A) absent a change in relevant circumstances; (3) invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) in the event that Petitioner is granted bond; or (4) impose other conditions of release or burdens on Petitioner's liberty, such as an ankle monitor.  Alternatively, Respondents can confirm that they will take none of those steps with respect to Petitioner without prior notice of at least one week to him and the Court.  If Respondents file a substantive response, Petitioner's response is due **no later than Thursday, December 11, 2025**.

After the conclusion of the case, counsel for Petitioner may file an application for attorneys' fees and other expenses pursuant to 28 U.S.C. § 2412 within the time frame provided by the Local Rules.  The Court will determine eligibility at that point.

**SO ORDERED.**

Dated: December 7, 2025
      New York, New York

_____
      **VALERIE CAPRONI**
  **UNITED STATES DISTRICT JUDGE**